ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JUN 2 5 2010

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

EDWARD WALLNER, ET AL.,          )
                                 )
          Plaintiffs,            )
                                 )          CIVIL ACTION NO.
VS.                              )
                                 )          3:09-CV-0587-G
JERRY FARISH, ET AL.,            )
                                 )              **ECF**
          Defendants.            )


### <u>V E R D I C T</u>

This verdict form contains a series of questions together with related instructions and definitions.

#### <u>Multiple Claims -- Multiple Defendants</u>

You must not award compensatory damages more than once for the same injury.  For example, if the plaintiffs prevail on two claims and establish a dollar amount for their injuries, you must not award them any additional compensatory damages on each claim.  The plaintiffs are only entitled to be made whole once, and

- 39 -

may not recover more than they have lost.  Of course, if different injuries are

attributed to the separate claims, then you must compensate the plaintiffs fully for all

of their injuries.

With respect to the plaintiffs' claim for exemplary damages, there are more

than one of the plaintiffs' claims that will support such an award, and you may make

separate awards on each such claim (as explained below) that plaintiffs have

established.

You may impose damages on a claim solely upon the defendant or defendants

that you find are liable on that claim.  Although there are five defendants in this case,

it does not necessarily follow that if one is liable, all or any of the others also are

liable.  Each defendant is entitled to fair, separate and individual consideration of his

case without regard to your decision as to the other defendants.  If you find that only

one defendant is responsible for a particular injury, then you must award damages for

that injury only against that defendant.

You may find that more than one defendant is liable for a particular injury.  If

so, the plaintiffs are not required to establish how much of the injury was caused by

each particular defendant whom you find liable.  Thus, if you conclude that the

defendants you find liable acted jointly, then you may treat them jointly for purposes

of calculating damages.  If you decide that two or more of the defendants are jointly

liable on a particular claim, then you may simply determine the overall amount of

damages for which they are liable, without determining individual percentages of liability.

<u>Consider Damages Only if Necessary</u>

If you find that the plaintiff(s) have proven their claim against the defendant(s) by a preponderance of the evidence, you must determine the damages to which the plaintiff(s) are entitled in accordance with the paragraph above. You should not, however, interpret the fact that I have given instructions about the plaintiff(s)' damages as an indication in any way that I believe that the plaintiff(s) should, or should not, win this case. It is your task first to decide whether the defendant(s) are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant(s) are liable, and that the plaintiff(s) are entitled to recover.

<u>Common Law Fraud</u>

To prevail on their claims for common law fraud, the plaintiffs must establish, by a preponderance of the evidence, the following facts:

> **First:**  that one or more of the defendants made a representation to the plaintiff(s) with respect to one or more material facts;
>
> **Second:**  that the representation was false;
>
> **Third:**  that at the time of the making of the representation, the defendant(s) who made it either knew the representation was false or made it recklessly without any knowledge of its truth and as a positive assertion;

**Fourth:** that the defendant(s) in question made the representation of fact to the plaintiff(s) with the intent that the plaintiff(s) rely and act thereon;

**Fifth:** that the plaintiff(s) did in fact reasonably rely and act upon the false representation; and

**Sixth:** that the false representation was the proximate cause of injury to the plaintiff(s).

## Misrepresentation

For purposes of common law fraud, "misrepresentation" means: (1) a false statement of fact, (2) a promise of future performance made with a present intent not to perform, or (3) partial disclosure that, although true, conveys a false impression.

A misrepresentation is "material" if it would be important to a reasonable person in making a decision regarding the particular transaction.

## Knowledge

When one affirmatively represents to have special expertise and/or personal knowledge regarding a particular matter and makes a positive assertion of fact regarding the matter which he expects and intends another to rely and act upon, which in fact is false or materially misleading, that person may be deemed to have acted "knowingly," irrespective of whether he knew of the falsity or intended to deceive or not.

## Intent

Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a person's intent from all the surrounding circumstances. You may consider any statement made or act done or omitted by a person whose intent is in issue, and all other facts and circumstances which indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is for you to decide what facts have been established by the evidence.

The term "reckless" means to act wantonly, with indifference to consequences. If a person makes a representation without knowing whether it is true or not, or makes it without regard to its truth or falsity or to its probable consequences, he may be found to have made the representation recklessly.

Where a person is aware of facts and has a duty to speak, his silence may be as misleading as a positive misrepresentation of existing facts.

## Proximate Cause

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or

- 43 -

some similar event, might reasonably result therefrom.  There may be more than one

proximate cause of an event.

## QUESTION NO. 1:

### Did one or more of the defendants commit common law fraud against

### Edward Wallner and/or the Edward Wallner Roth IRA?

> **INSTRUCTION**: The plaintiffs have the burden of proof
> on this question. If they have proven that one more the
> defendants has committed common law fraud as to them,
> answer "Yes." Otherwise, answer "No."

|                  | YES | NO |
|------------------|-----|----|
| TDHB             | ✓   |    |
| Jerry Farish     | ✓   |    |
| Michael Ziegler  | ✓   |    |

If you answered "Yes" to any part of Question No. 1, continue to the next page and
answer Question No. 2. Otherwise, skip to Question No. 3.

## QUESTION NO. 2:

What sum of money, if any, do you find from a preponderance of the evidence, would compensate each of the plaintiffs for the damages suffered as a proximate result of the defendant(s)'s fraud you have found?

> **INSTRUCTION**:  Answer in dollars and cents; if you find no damages, state "none."

| | AMOUNT |
|---|---|
| Edward Wallner | $ 1,150,000.00 ~~1,500,000 54~~ |
| Edward Wallner Roth IRA | $ 350,000.00 |

Proceed to the instructions on statutory fraud under Texas law.

- 46 -

## Statutory Fraud Under Texas Law

Statutory fraud occurs when --

    a.    there is a false representation of a past or existing material fact,

    b.    the false representation is made to a person for the purpose of inducing that person to enter into a contract,

    c.    the false representation is relied on by that person in entering into that contract, and

    d.    that person thereby suffers injury.

Statutory fraud also occurs when --

    a.    a party makes a false promise to do an act,

    b.    the promise is material,

    c.    the promise is made with the intention of not fulfilling it,

    d.    the promise is made to a person for the purpose of inducing that person to enter into a contract, and

    e.    that person relies on the promise in entering into that contract.

If you find that the plaintiffs have established that one or more defendants made a misrepresentation or false promise, then you should consider whether any other defendant is also liable for statutory fraud. Another defendant would be liable for statutory fraud if the plaintiffs establish each of the following elements by a preponderance of the evidence:

**First:**  that the defendant under consideration had actual awareness of the falsity of a representation or promise made by another person to the plaintiffs;

**Second:**  that the defendant under consideration failed to disclose the falsity of the representation or promise to the plaintiffs; and

**Third:**  that the defendant under consideration benefitted from the false representation or promise.

Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

## QUESTION NO. 3:

Did one or more of the following defendants commit statutory fraud under Texas law against Edward Wallner and/or the Edward Wallner Roth IRA?

INSTRUCTION:  Answer "Yes" or "No."

| | YES | NO |
|---|---|---|
| TDHB | ✓ | |
| Jerry Farish | ✓ | |
| Michael Ziegler | ✓ | |

If you answered "Yes" to any part of Question No. 3, continue to the next page and answer Question No. 4.  Otherwise, skip to the instructions on the federal securities law claims.

## QUESTION NO. 4:

What sum of money, if any, do you find from a preponderance of the evidence, would compensate each of the plaintiffs for the damages suffered as a proximate result of the defendant(s)'s statutory fraud you have found?

> **INSTRUCTION:**  Answer in dollars and cents; if you find no damages, state "none."

| | AMOUNT |
|---|---|
| Edward Wallner | $ *NONE* |
| Edward Wallner Roth IRA | $ *NONE* |

Proceed to the instructions on federal securities law claims.

<u>Federal Securities Law Claims</u>

The plaintiffs claim that defendants TDHB, Jerry Farish, and Michael Ziegler violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, promulgated thereunder, in connection with the sale of shares of common stock of Triad to the plaintiffs.

<u>Section 10(b) and Rule 10b-5</u>

Section 10(b) empowers the Securities and Exchange Commission ("SEC") to adopt rules which have the force of law.  The SEC has adopted Rule 10b-5, which makes it unlawful to do any of the following things, directly or indirectly, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud; or

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

<u>Elements of a Rule 10b-5 Violation</u>

To show a Rule 10b-5 violation, the plaintiffs must prove the following facts by a preponderance of the evidence:

**First**:  That in connection with the securities transaction at issue in this case, defendants TDHB, Jerry Farish, and/or Michael Ziegler directly or indirectly:

>  (1)  employed a device, scheme, or artifice to defraud; or

>  (2)  made an untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

>  (3)  engaged in an act, practice or course of business which operated as a fraud or deceit upon the plaintiffs;

**Second**:  that defendants TDHB, Jerry Farish, and/or Michael Ziegler, in engaging in this conduct, acted knowingly or recklessly, as those terms are later defined in these instructions;

**Third**:  that defendants TDHB, Jerry Farish, and/or Michael Ziegler used an instrumentality of interstate commerce;

**Fourth**:  that the plaintiffs justifiably relied on defendants TDHB, Jerry Farish, and/or Michael Ziegler's statements or conduct; and

**Fifth**:  that the plaintiffs suffered damages as a result.

## Definitions and Explanations

Thus, the plaintiffs must establish that a material fact was misrepresented or omitted in connection with the purchase or sale of a security.  Specifically, the plaintiffs must prove that in connection with the plaintiffs' purchase of Triad

common stock, defendants TDHB, Jerry Farish, and/or Michael Ziegler made an untrue statement of a material fact, or failed to disclose a material fact that had to be disclosed to keep the other statements that were made from being misleading. The plaintiffs need prove only one misrepresentation or one omission for you to find that the "misrepresentation or omission" element of Section 10(b) has been satisfied.

A statement is not false or misleading merely because subsequent events prove it to have been erroneous. Whether statements or omissions are false or misleading must be determined as of the time they were made.

"Security" includes common stock of a corporation. It includes stock which is both freely tradeable on the open market and stock which is "restricted" and cannot be freely traded.

A "material fact" is one that a reasonable investor would consider to be significant or important in making the investment decision.

The defendants TDHB, Jerry Farish, and/or Michael Ziegler did not act "knowingly" if they acted accidentally, negligently, or mistakenly. They acted "knowingly" only if they acted with an intent to deceive, manipulate, or defraud. In other words, defendants act "knowingly" if they stated material facts that they knew to be false, or stated untrue facts with reckless disregard for their falsity, or knew of the existence of material facts that were not disclosed, although they knew that knowledge of those facts would be necessary to prevent their other statements from

being misleading.  The defendants TDHB, Jerry Farish, and/or Michael Ziegler's state of mind can be proven by either direct or circumstantial evidence.  You may infer their state of mind from their acts and words, given all the surrounding circumstances at that time.

The "in connection with" element, which requires that there be a nexus between a defendant's fraud and a plaintiff's purchase or sale of a security, is to be flexibly applied.  The plaintiffs need not establish a direct or close relationship between the fraud and the purchase or sale, but only that the fraud "touches upon" the securities transaction.

To use "an instrumentality of interstate commerce" means, for example, to use the mails or the telephone.  It is not necessary that a misrepresentation or omission occur during the use of the mail or telephone.  All that is required is that the mails or the telephone be used in some phase of the transaction.  In other words, it is not necessary that the misrepresentation be communicated by telephone or by mail, only that the telephone or mails be used at some stage of the events involved.

"Justifiable reliance" occurs if a person in fact relies upon the false statements, omissions, or other conduct.  If the person would have engaged in the transaction anyway, and the misrepresentation or omission had no effect upon his decision, there is no reliance.  Further, there is no justifiable reliance if the person intentionally closed his eyes and refused to investigate the circumstances in disregard of a risk of

falsity known to him or a risk of falsity that was so obvious that he should have been aware of it and so great as to make it highly probable that harm would follow.

If you find that the defendants TDHB, Jerry Farish, and/or Michael Ziegler made an omission or failed to disclose a material fact, then it is presumed that the plaintiff(s) relied upon the omission or failure to disclose. The defendants TDHB, Jerry Farish, and/or Michael Ziegler may rebut this presumption if they prove, by a preponderance of the evidence, that even if the material fact had been disclosed, the plaintiffs' decision regarding the transaction would not have been different.

The plaintiffs must also prove by a preponderance of the evidence that the material misrepresentations or omissions proximately caused injury to them. A plaintiff is not required to show that the alleged misrepresentations or omissions were the sole or exclusive cause of the damages incurred but must show that the misrepresentations or omissions played a substantial part in bringing about or causing the alleged damage.

**QUESTION NO. 5**:

Did the defendants TDHB, Jerry Farish, and/or Michael Ziegler violate

Rule 10b-5 in connection with the purchase of shares in Triad by Edward

Wallner and/or the Edward Wallner Roth IRA?

**INSTRUCTION**: Answer "Yes" or "No."

|  | YES | NO |
|---|---|---|
| TDHB | _____ | ✓ |
| Jerry Farish | _____ | ✓ |
| Michael Ziegler | _____ | ✓ |

If you answered "Yes" to any part of Question No. 5, continue to the next page and answer Question No. 6. Otherwise, skip to the instructions on Texas Securities Act (Primary Violation or Control Person).

**QUESTION NO. 6:**

What sum of money, if any, do you find from a preponderance of the evidence, would compensate each of the plaintiffs for the damages suffered as a proximate result of the defendant(s)'s violation of Rule 10b-5 you have found?

> **INSTRUCTION:**  Answer in dollars and cents; if you find no damages, state "none."

|  | AMOUNT |
|---|---|
| Edward Wallner | $_____ |
| Edward Wallner Roth IRA | $_____ |

Proceed to the instructions on Texas Securities Act (Primary Violation or Control Person).

<u>Texas Securities Act (Primary Violation or Control Person)</u>

The Texas Securities Act is a Texas statute which, among other things, prohibits a person or entity from selling a security by means of an untrue statement of material fact.

In order to prevail on their claims under the Texas Securities Act, the plaintiffs must establish each of the following elements by a preponderance of the evidence:

> <u>First</u>:  that a defendant made an untrue statement of a material fact or an omission of a material fact that was necessary in order to make the statement made, in light of all of the circumstances, not misleading; and

> <u>Second</u>:  that the statement or omission was made in connection with the purchase of a security.

The first element that the plaintiffs must establish is that defendants TDHB, Jerry Farish, Michael Ziegler, and/or 777 made an untrue statement of material fact. Thus, in order to establish the first essential element of their claims under the Texas Securities Act, the plaintiffs must prove (a) that defendants TDHB, Jerry Farish, Michael Ziegler, and/or 777 made one or more omissions or untrue statements of fact as alleged, and (2) that the omission or untrue statement involved "material" facts.

A "material" fact is a fact relating to a matter that would be of some importance or significance in the decision making process of a reasonable investor, rather than a minor or trivial detail.

- 58 -

If you find that the plaintiffs have established that one or more of the defendants TDHB, Jerry Farish, Michael Ziegler, and/or 777 made such a misrepresentation or omission in connection with the sale of a security as a seller of the security, then you should consider whether the plaintiffs have established by a preponderance of the evidence that any other defendant directly or indirectly controlled that seller of a security. Any such persons are liable for violation of the Texas Securities Act along with the seller.

## QUESTION NO. 7:

Did defendants TDHB, Jerry Farish, Michael Ziegler, and/or 777 violate

the Texas Securities Act?

> **INSTRUCTION**: The plaintiffs have the burden of proof
> on this question. If they have proven that defendants
> TDHB, Jerry Farish, Michael Ziegler, and/or 777 violated
> the Texas Securities Act, answer "Yes." Otherwise, answer
> "No."

|                  | YES | NO |
|------------------|-----|-----|
| TDHB             |     | ✓  |
| Jerry Farish     |     | ✓  |
| Michael Ziegler  |     | ✓  |
| 777              |     | ✓  |

If you answered "Yes" to Question No. 7, answer Question No. 8. Otherwise, skip
Question No. 8 and proceed to the instructions on Texas Securities Act (Aiding and
Abetting).

- 60 -

**QUESTION NO. 8:**

If your answer to any part of Question No. 7 is "Yes," state the amount

of money, if paid now in cash, necessary to fairly and reasonably compensate

the plaintiff(s) for all damages suffered by them as a result of the violation of

the Texas Securities Act you have found.

> **INSTRUCTION:** Answer in dollars and cents; if you find
> no damages, state "none."

|  | AMOUNT |
|---|---|
| Edward Wallner | $ |
| Edward Wallner Roth IRA | $ |

Proceed to the instructions on Texas Securities Act (Aiding and Abetting).

<u>Texas Securities Act (Aiding and Abetting)</u>

If you find that the plaintiffs established that the defendants TDHB, Jerry Farish, Michael Ziegler, and/or 777 made a misrepresentation or omission in connection with the sale of a security, then you should also consider whether any other defendant did not make a misrepresentation or was not a seller but nevertheless aided and abetted another defendant's violation.

In order for the plaintiffs to prevail on a claim of aiding and abetting a violation of the Texas Securities Act, they must establish each of the following elements by a preponderance of the evidence:

> **First**:  that a primary violation of the securities laws occurred;

> **Second**:  that the aider and abettor had a general awareness of his role in the violation;

> **Third**:  that the aider and abettor gave substantial assistance in the violation; and

> **Fourth**:  that the aider and abettor deceived the plaintiff(s) or acted with reckless disregard for the truth of the primary violator's misrepresentations.

**QUESTION NO. 9**:

Did any of the defendants TDHB, Jerry Farish, Michael Ziegler, and/or

777 aid and abet a violation of the Texas Securities Act in connection with the

purchase of shares in Triad by Edward Wallner and the Edward Wallner Roth

IRA?

> **INSTRUCTION**: The plaintiffs have the burden of proof on this
> question. If they have proven that defendants TDHB, Jerry Farish,
> Michael Ziegler, and/or 777 aided and abetted a violation of the Texas
> Securities Act, answer "Yes." Otherwise, answer "No."

|  | YES | NO |
|---|---|---|
| TDHB | _____ | ✓ |
| Jerry Farish | _____ | ✓ |
| Michael Ziegler | _____ | ✓ |
| 777 | _____ | ✓ |

If you answered "Yes" to Question No. 9, answer Question No. 10. Otherwise, skip
Question No. 10 and proceed to the instructions on Conspiracy.

- 63 -

**QUESTION NO. 10**:

If your answer to any part if Question No. 9 is "Yes," state the amount of money, if paid now in cash, necessary to fairly and reasonably compensate the plaintiff(s) for all damages suffered by them as a result of the aiding and abetting a violation of the Texas Securities Act you have found.

> **INSTRUCTION**:  Answer in dollars and cents; if you find no damages, state "none."

|                            | AMOUNT |
|----------------------------|--------|
| Edward Wallner             | $_____ |
| Edward Wallner Roth IRA    | $_____ |

If you answered "Yes" to any part of Question Nos. 1, 3, 5 ,7, or 9, proceed to the instructions on Conspiracy.  Otherwise, proceed directly to the last page where your foreperson should sign and date the verdict form.

## Conspiracy

A conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. To establish a conspiracy, the plaintiffs must prove, by a preponderance of the evidence, all of the following elements:

(1)     two or more persons,

(2)     having an object to be accomplished,

(3)     a meeting of the minds on the object or course of action,

(4)     one or more unlawful, overt acts, and

(5)     resulting damage to the injured party as a proximate result thereof.

A party without actual knowledge of the object or purpose of a conspiracy cannot be a co-conspirator. A party cannot agree, either expressly or tacitly, to the commission of a wrong of which he is not actually aware.

A conspiracy requires specific intent to participate in the conspiracy on the part of each co-conspirator. It is not enough that a defendant was collaterally involved in a relevant transaction and had good reason to believe that a conspiracy existed. The defendant(s) must have agreed with one or more of the other co-conspirators and intended to have brought about the illegal object of the conspiracy.

However, it is not required that each and every act of a conspirator be shown to have been in concert with the others or that it be established by direct evidence that all combined at a given time prior to each transaction. Therefore, it is not necessary to prove that each of the conspirators was present at each act or transaction that forms the basis of the conspiracy. Inferences of concerted action may be drawn from joint participation in the transactions and from enjoyment of the fruits of the transactions on the part of the defendants. Moreover, upon entering the conspiracy, one becomes a party to all acts previously or subsequently done by any of the conspirators in pursuance of the conspiracy.

For purposes of Question No. 11, the "unlawful overt act" requirement refers to the "fraud" you found in answer to Question Nos. 1, 3, 5, 7, and/or 9.

**QUESTION NO. 11**:

Were any of the following defendants part of a conspiracy to commit the

fraud that you found in response to Question Nos. 1, 3, 5, 7, and/or 9?

> **INSTRUCTION**:  Answer "Yes" or "No" for each of the
> following defendants.

|  | YES | NO |
|---|---|---|
| TDHB |  | ✓ |
| Jerry Farish | ✓ |  |
| Michael Ziegler | ✓ |  |
| 777 |  | ✓ |

If your answer to Question No. 11 is "Yes" for any defendant, then answer the
following question.  Otherwise, do not answer the following question but proceed to
the instructions on Exemplary Damages.

- 67 -

**QUESTION NO. 12**:

If your answer to any part of Question No. 11 is "Yes" for any

defendant, state the amount of money, if paid now in cash, necessary to fairly

and reasonably compensate the plaintiff(s) for all damages suffered by them as

a result of the conspiracy you have found.

> **INSTRUCTION**:  Answer in dollars and cents; if you find
> no damages, state "none."

|  | AMOUNT |
|---|---|
| Edward Wallner | $ *NONE* |
| Edward Wallner Roth IRA | $ *NONE* |

Proceed to the instructions on Exemplary Damages.

## Exemplary Damages

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

If you find that the defendants are liable for the plaintiffs' injuries, you must award the plaintiffs the compensatory damages that they have proven. You also may award exemplary damages, if the plaintiffs have proved, by clear and convincing evidence, that the defendants acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

Factors to consider in awarding exemplary damages, if any, are --

    a.    the nature of the wrong,

    b.    the character of the conduct involved,

    c.    the degree of culpability of the defendant,

    d.    the situation and sensibilities of the parties concerned,

    e.    the extent to which such conduct offends a public sense of justice and propriety, and

    f.    the net worth of the defendant.

In making any award of exemplary damages, you should consider that the purpose of exemplary damages is to punish a defendant for shocking conduct, and to deter that defendant and others from engaging in similar conduct in the future. The law does not require you to award exemplary damages. However, if you decide to award exemplary damages, you must use sound reason in setting the amount of the damages. The amount of an award of exemplary damages must not reflect bias, prejudice, or sympathy toward any party. However, the amount can be as large as you believe necessary to fulfill the purposes of exemplary damages. You may consider the financial resources of the defendant in fixing the amount of exemplary damages, and you may impose exemplary damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

Exemplary damages can be assessed against a corporation for the acts of one acting or purporting to act on its behalf if, but only if --

    a.    the corporation authorized the doing and the manner of the act, or

    b.    the one acting or purporting to act on the corporation's behalf was unfit and the corporation was reckless in employing him, or

    c.    the one acting or purporting to act on the corporation's behalf was employed in a managerial capacity and was acting in the scope of employment, or

    d.    the corporation or a manager of the corporation ratified or approved the act.

"Clear and convincing evidence" means evidence that produces in your minds a firm belief or conviction as to the truth of the allegations sought to be established.

If you answered "Yes" to any part of Question No. 1, answer Question No. 13. Otherwise, skip Question No. 13 and proceed to Question No. 14.

**QUESTION NO. 13**:

Do you find, by clear and convincing evidence, that any of the

defendants named below act with malice or with callous and reckless

indifference to the rights of Edward Wallner and the Edward Wallner Roth

IRA in connection with the fraud you found in response to Question 1?

> **INSTRUCTION**:  Answer "Yes" or "No" only for those
> defendants who you found, in Question No. 1, committed
> common law fraud against one or both plaintiffs.

| | YES | NO |
|---|---|---|
| TDHB | ✓ | |
| Jerry Farish | ✓ | |
| Michael Ziegler | ✓ | |

If you answered "Yes" to any part of Question No. 3, answer Question No. 14. Otherwise, skip Question No. 14 and proceed to Question No. 15.


**QUESTION NO. 14**:

      **Do you find, by clear and convincing evidence, that any of the defendants named below had actual awareness of the falsity of the representation or promise you found to be fraud in Question No. 3?**

                    **INSTRUCTION**:  Answer "Yes" or "No" only for those defendants who you found, in Question No. 3, committed statutory fraud against one or both plaintiffs.

| | YES | NO |
|---|---|---|
| TDHB | ✓ | |
| Jerry Farish | ✓ | |
| Michael Ziegler | ✓ | |

- 73 -

If you "Yes" to any part of Question No. 11, answer Question No. 15. Otherwise, skip Question No. 15 and proceed to Question No. 16.

## QUESTION NO. 15:

Do you find, by clear and convincing evidence, that the persons you found to be part of the conspiracy acted with malice or with callous and reckless indifference to the rights of Edward Wallner and the Edward Wallner Roth IRA?

> **INSTRUCTION:** Answer "Yes" or "No" only for those defendants who you found, in Question No. 11, were members of the conspiracy alleged by plaintiffs.

|                  | YES | NO  |
|------------------|-----|-----|
| TDHB             |     | ✓   |
| Jerry Farish     | ✓   |     |
| Michael Ziegler  | ✓   |     |
| 777              |     | ✓   |

- 74 -

**QUESTION NO. 16:**

If you answered "Yes" to Question Nos. 13, 14, or 15 with respect to Jerry Farish, what sum of money, if paid now in cash, should be awarded against Jerry Farish as punitive damages to each of the parties below?

In answering this question, you should consider the following factors:

      (a)    The nature of the wrong;

      (b)    The character of the conduct involved;

      (c)    The degree of culpability of the defendant;

      (d)    The situation and sensibilities of the parties concerned; and

      (e)    The extent to which the defendant's conduct offends the public sense of justice and propriety.

**INSTRUCTION:**  Answer in dollars and cents; if you decide to make no award, state "none."

| | AMOUNT |
|---|---|
| Edward Wallner | $ 300,000.00 |
| Edward Wallner Roth IRA | $ NONE |

Proceed to Question No. 17.

- 75 -

QUESTION NO. 17:

If you answered "Yes" to Question Nos. 13, 14, or 15, with respect to

Michael Ziegler, what sum of money, if paid now in cash, should be awarded

against Michael Ziegler as punitive damages to each of the parties below?

In answering this question, you should consider the following factors:

(a)   The nature of the wrong;

(b)   The character of the conduct involved;

(c)   The degree of culpability of the defendant;

(d)   The situation and sensibilities of the parties
       concerned; and

(e)   The extent to which the defendant's conduct
       offends the public sense of justice and
       propriety.

**INSTRUCTION:**  Answer in dollars and cents; if you
decide to make no award, state "none."

| | AMOUNT |
|---|---|
| Edward Wallner | $ 150,000.00 |
| Edward Wallner Roth IRA | $ NONE |

Proceed to Question No. 18.

- 76 -

## QUESTION NO. 18:

If you answered "Yes" to Question Nos. 13, 14, or 15 with respect to

TDHB, what sum of money, if paid now in cash, should be awarded against

TDHB, Inc. as punitive damages to each of the parties below?

In answering this question, you should consider the following factors:

  (a)   The nature of the wrong;

  (b)   The character of the conduct involved;

  (c)   The degree of culpability of the defendant;

  (d)   The situation and sensibilities of the parties
        concerned; and

  (e)   The extent to which the defendant's conduct
        offends the public sense of justice and
        propriety.

**INSTRUCTION:**  Answer in dollars and cents; if you
decide to make no award, state "none."

|  | AMOUNT |
|---|---|
| Edward Wallner | $ 150,000.00 |
| Edward Wallner Roth IRA | $ NONE |

Proceed to Question No. 19.

- 77 -

**QUESTION NO. 19:**

If you answered "Yes" to Question No. 15 with respect to 777, what sum of money, if paid now in cash, should be awarded against 777 as punitive damages to each of the parties below?

In answering this question, you should consider the following factors:

(a)    The nature of the wrong;

(b)    The character of the conduct involved;

(c)    The degree of culpability of the defendant;

(d)    The situation and sensibilities of the parties concerned; and

(e)    The extent to which the defendant's conduct offends the public sense of justice and propriety.

**INSTRUCTION:**  Answer in dollars and cents; if you decide to make no award, state "none."

|  | AMOUNT |
|---|---|
| Edward Wallner | $ *NONE* |
| Edward Wallner Roth IRA | $ *NONE* |

June *25*, 2010.                          *Susan M. Ellen*
                                                    FOREPERSON

- 78 -